85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OJAVAN INVESTORS, INC.; Port Lemore Corporation; Sutton
Properties, Inc.; Sealubber, Inc.; Pakid Holdings; Maleck
Agency, Ltd.; Quelimane Co.; MTG Alliance Corp.; Highland
Group, Inc.; P.U. Enterprises; Peter D. Bogart,
Plaintiffs-Appellants,
v.
CALIFORNIA COASTAL COMMISSION; Superior Court, State of
California, County of Los Angeles; County of Los
Angeles, Defendants-Appellees.
OJAVAN INVESTORS, INC.; Port Lemore Corporation; Sutton
Properties, Inc.; Sealubber, Inc.; Pakid Holdings; Maleck
Agency, Ltd.; Quelimane Co.; MTG Alliance Corp.; Highland
Group, Inc.; P.U. Enterprises; Peter D. Bogart,
Plaintiffs-Appellants,
v.
CALIFORNIA COASTAL COMMISSION; Superior Court, State of
California, County of Los Angeles; County of Los
Angeles, Defendants-Appellees.
 Nos. 95-55298, 95-55664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided May 13, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 ORDER
 
 1
 The court remands this case to the district court for a period of thirty days so that Judge Hatter may have an opportunity to articulate his reasons for imposing Rule 11 sanctions.
 
 
 2
 Rule 11 states that "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed ." Fed.R.Civ.P. 11(c)(3) (emphasis added). Here, Judge Hatter's order does not describe the conduct determined to be in violation or include his reasons for levying sanctions against Ojavan. From the record, it appears that the complaint was frivolous and we assume that this is the reason why Judge Hatter imposed sanctions. However, absent an explanation from Judge Hatter, we cannot be sure of his reasons.
 
 
 3
 Because Rule 11 requires the district court to articulate its reasons for issuing sanctions, we remand this case to the district court for the sole purpose of allowing Judge Hatter an opportunity to explain his reasons for imposing sanctions. The panel will retain jurisdiction over the matter.